UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MELVIN L. VAZQUEZ,** | Civ. No. 20-2595 (KM) |
| Plaintiff, | |
| v. | **OPINION** |
| **ANDREW SAUL,** **Commissioner of Social Security,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

    This is an appeal from the denial of Title II disability benefits ("DIB") based on a finding that the defendant was not disabled from February 1, 2013, the alleged onset date, through December 31, 2013, the date last insured. Currently before the Court is the SSA's motion to remand the case to the Administration for further proceedings. Because the parties agree that the matter should be remanded, differing only as to the scope of proceedings on remand, I write only briefly.

    The Commissioner concedes that a so-called "sentence 4 remand" is appropriate. *See* 42 U.S.C. § 405(g).[1] The parties agree that, on remand, the

---

[1] A sentence 4 remand, based on legal flaws in the administrative proceedings, is to be distinguished from a sentence 6 remand, based on the emergence of new evidence.

    "Sentence Four" of section 405(g) states:

    The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of

ALJ assigned to the case must give further consideration to all of the plaintiff's alleged impairments (including obesity) at steps two and three of the sequential evaluation, reconsider his residual functional capacity, reassess his capacity to return to prior work or perform jobs existing in significant numbers in the national economy, and issue a new decision.

The only significant dispute is over whether this Court should order the Appeals Council to mandate a new evidentiary hearing before the ALJ, or whether that determination may be left to the ALJ's discretion.

The Administration stresses that the alleged period of disability occurred long ago, in 2013; that Mr. Vazquez did not even apply for benefits until 2016; and that in the 2018 hearing, there was a full and fair opportunity to adduce all relevant evidence, including the testimony of the applicant himself. As legal support, the Administration cites two sections of the Hearings, Appeals, and

---

the Commissioner of Social Security, with or without remanding the cause for a rehearing.

"Sentence Six" of section 405(g) states:

. . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. . . .

42 U.S.C. § 405(g)

Litigation Law Manual ("HALLEX"), which it says govern the procedures on remand.  HALLEX I-2-1-65, Determining the Right to a Hearing, states, "[i]n title II disability claims in which the period at issue expired before the date of the hearing decision, the claimant need not be offered the opportunity to appear and present evidence at a hearing unless the ALJ finds that the facts warrant it." HALLEX I-3-7-40, Preparation, Content, and General Routing of Remand Order, states: "If, in a title II only claim, the period at issue ends before the date of the hearing decision (e.g., insured status expired in a disabled worker claim or the claimant reached age 22 in a childhood disability claim), the AC need not direct the ALJ to offer the claimant the opportunity for a new hearing." Rather, the matter is for the ALJ to determine in the first instance.

      The applicant, Mr. Vazquez, has several responses. The first is that he did not agree to a remand on the Administration's terms. But the Court, in ordering a remand, is not bound by the concessions of either party. The second is that the HALLEX procedures do not bind the Court. True enough, but they do guide administrative decision making, and the Court must make its own assessment, at the end of the day, whether the procedures were adequate and the Commissioner's decision is supported by substantial evidence. The third is that denial of a hearing would violate due process. But there has been one hearing, at which the applicant testified and was represented by counsel, and the period of disability expired long before even that first hearing. Whether further factual development is required in order for the ALJ to render a revised decision is difficult to determine in advance, without even knowing what that decision will be. It is best left to the ALJ's discretion in the first instance, subject to review by the Appeals Council and this Court. Fourth, the applicant cites SSR 83-20, arguing that it allows, and sometimes compels, the calling of a medical expert. SSR 83-20, however, was rescinded and superseded by SSR 18-1p as of October 2, 2018.  By its terms, SSR 18-1p applies to all cases pending as of that date, or filed after that date. It expressly provides that the

ALJ "may, but is not required to, call upon the services of a medical expert (ME) to assist with inferring the date that the claimant first met the statutory definition of disability." Again, the ALJ on remand here might elect to hear such an expert, but that determination belongs to the ALJ in the first instance.

In short, the applicant makes cogent arguments for the need to develop the record. Perhaps the ALJ should do so. But those arguments must, initially at least, be directed to the ALJ. I will not straitjacket the Administration's deliberations in advance.

**CONCLUSION**

The Commissioner's motion to remand the matter pursuant to 42 U.S.C. § 405(g), sentence 4, is therefore GRANTED. A separate order will issue in accordance with this Opinion.

Dated: June 30, 2021

/s/ Kevin McNulty
_____

**Hon. Kevin McNulty**
**United States District Judge**